IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 6:23-CR-00008 |
| ) | |
| ANDREW KENT ) | |
|     a/k/a "Leo" ) | |

**MOTION FOR VOLUNTARY DISCLOSURE OF GRAND JURY AND
OTHER MATERIALS AND FOR LIMITATIONS ON FURTHER DISCLOSURE**

The United States, by counsel, moves pursuant to Federal Rules of Criminal Procedure 6(e), 16, and 26.2, 26 U.S.C. §§ 6103(h)(4)(D) and (i)(4)(A), and the authority of the Court to administer proceedings before it, that the United States be permitted to disclose to counsel for the defense as part of voluntary discovery grand jury materials, criminal histories, witness interview reports, materials that may be covered by the Privacy Act, and other materials. The United States and defense counsel may then use this material for the prosecution and defense of this case, respectively, and make such further disclosures as may be necessary for the sole purpose of prosecuting and defending this case.

The United States further moves for entry of a protective order restricting or limiting discovery material provided by the United States Attorney's Office to defense counsel. The Government intends to go beyond its discovery obligations under Rule 16, *Brady*, *Giglio* and the Jencks Act / Federal Rule of Criminal Procedure 26.2. This Court possesses the express authority to enter protective orders to handle all matters of a private or sensitive nature. Fed. R. Crim. P. 16(d) (discovery protective orders); *id.* at 49.1(e) (protective orders concerning matters of privacy and personal information). Specifically, Rule 16(d)(1) permits courts to enter protective orders that deny, restrict, or defer discovery or inspection, or grant other appropriate relief for good cause. *Id.*

Indeed, a "trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Additionally, this Court has the inherent authority to manage the discovery process in this case. *See United States v. Beckford*, 962 F. Supp. 748, 755–56 (E.D. Va. 1997) (citing cases).

During the pendency of this matter, the United States anticipates disclosing the following categories of materials to defense counsel:

1. Police reports, body camera recordings, and vehicle camera recordings;
2. Reports and recordings of witness interviews;
3. Reports and other information involving third parties;
4. Information relating to the minor victim in this case, including pictures and potentially identifying information;
5. Information and pictures relating to other minors;
6. Materials discussing and depicting the sexual abuse of minors;
7. Grand jury transcripts;
8. Discovery pertaining to another case involving a different defendant; and
9. Information relating to ongoing investigations.

The defendant's access to these materials outside the presence of defense counsel should be limited to prevent the intentional or inadvertent dissemination of such information. Public disclosure of these materials could endanger witnesses, subject them to intimidation, and chill their candor in this and other cases in which they are involved. There is also a need to protect the privacy interests and confidential information of third parties and victims. Finally, protection of grand jury transcripts and records is warranted pursuant to Federal Rule of Criminal Procedure 6(e).

The Government submits it has advanced good cause to enter the requested protective order. The attached proposed Order is intended to:

1. Advance the case;

2. Protect the secrecy of grand jury and other evidentiary materials;

3. Prevent the unauthorized dissemination of materials voluntarily provided by the United States, which dissemination would endanger witnesses, subject them to intimidation, chill their candor, violate their privacy and impede future investigations;

4. Prevent the further dissemination of materials discussing and depicting the sexual abuse of minors, which would further harm victims of crimes chill their candor, and violate their privacy;

5. Prevent the dissemination of materials regarding ongoing law enforcement investigations; and

6. Provide notice of sanctions in the event these materials were deliberately disclosed in an unauthorized manner or to unauthorized persons.

The Government submits the proposed restrictions constitute a reasonable balance of the various interests involved in this case, including the defendant's interest in full and efficient discovery.

WHEREFORE, the Government respectfully requests the Court grant its motion and enter the accompanying Order.

    Respectfully submitted,

    CHRISTOPHER R. KAVANAUGH

United States Attorney

<u>/s/ Jason M. Scheff</u>
Jason M. Scheff
Assistant United States Attorney
New York Bar No. 5188701
United States Attorney's Office
310 First Street, SW, 9th Floor
Roanoke, Virginia 24011
540-857-2250
Jason.Scheff@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on August 2, 2023, I caused to be filed this Motion for Voluntary Disclosure of Grand Jury and Other Materials and for Limitations on Further Disclosure with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                               /s /Jason M. Scheff
                                                               Assistant United States Attorney